SAMUEL BEN sued John Hume, incase, and laid his damages at SO dollars.
The declaration is upon a special agreement to do certain work for defendant, forwhipbTctefendantagreed to pay the plaintiff thirty dollars ; avers the doing of the work, and assigns breach in non payment of the thirty *403 dollars therefor- — Judgment by default and writ of en-quiry. Upon which the parties made an agreed case, in substance, “ that the amount due from the defendant to plaintiff, for the work and labor performed, was thirty dollars ; that twenty dollars thereof had been paid before suit brought.” If the law gave the court jurisdiction upon this state of the case, the plaintiff is to have judgment for 10 dollars, with interest from the -- day of October, 1806, which makes the sum of £. > — , otherwise judgment for the defendant.
" „ the day'of the month from ^lntereft ¡ed°doesnotv¡" tiate.
cafstoftatethe amount of coits does not vitú ate; the amount could be rendered certain the taxation of the proper
¡ having'¡¡quid” ted the fumsby ths.agreedca;ej no jury was ne-c?iTar
It is also agreed, if the defendant’s costs in the appeal, defendant against plaintiff, in Bourbon county court, shall exceed or equal plaintiff’s claim for ten dollars, and interest until judgment rendered for costs in said county court,'then judgment to be for defendant.
The court below gave judgment for the plaintiff; to , , , , „ , ° J , -i ■ r which the defendant prosecuted this writ of error.
The cause was argued by Wickliffe for the plaintiff in error, and Bledsoe-for the defendant; and afterwards, on the 30th of May, the opinion of the court was delivered by Judge Boyle, as follows :
Three prositions are asserted by the errors assigned . r J . ° ■ an this case.
1st. That the court had not jurisdiction.
2d. That the agreed case is too uncertain to autho-rise judgment thereon.
3d. That the intervention of a jury was necessary.
As to the point of jurisdiction, it has been already solemnly settled in the case of Singleton vs. Madison (a).
In what consists the uncertainty of the agreed case, the errors assigned have not designated. If it was meant to be imputed to the blank as to the day of the month, from whence the ten dollars, agreed to be due to the plaintiff in the action below, was to bear interest, it cannot be regarded. A debt payable in a given month, and not upon any precise day thereof, would be demand-able not until the last dav ; and by a parity of reason in the present case, interest would he calculated from the last day of the month in which it was to commence. But whether the first, the last, or the middle of the month be taken as the proper time, the difference is so trifling, that the maxim, “ de minimis non curat lex,” if applicable to any case, applies to this. If it was intended to ascribe uncertainty to the agreed case because it had *404 stated tne amount of the costs in the appeal in the Bourbon county court, which it was agreed the defend dant below should set off against the plaintiff’s demand, the charge is still equally groundless. The amount, though not stated in the agreement of the parties, could easily be reduced to a certainty, by being taxed by the proper officer, and “ id certum est quad certum reddi potestIn short, the agreed case, in no part of it, deserves the imputation of uncertainty.
The parties having ascertained, by their agreement, the amount oi the plaintiff’s demand, and that of the defendant’s setoff being ascertained by the certificate of the clerk, nothing remained to be liquidated by the verdict of a jury; consequently, a jury was unnecessary.
Upon the whole, no error appears in the proceedings and judgment of the court which can justify a reversal.

 Ante 342.