## Coffey et al. v. Helm et al.

(Decided February 12, 1932.)

ROBERT ANTLE and ROLLIN HURT for appellants.

O. B. BERTRAM and ABEL HARDING for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

Reuben Helm was indicted in the Russell circuit court in 1922 for deserting his children under the statute which reads as follows:

"Sec. 1. The parent of any child or children residing in this Commonwealth who shall leave, desert or abandon said child or children under the age of sixteen years, leaving said child or children in destitute or indigent circumstances and without making proper provision for the board, clothing, education and proper care of said child or children in a manner suitable to the condition and station in life of said parent and said child or children, shall be

guilty of a felony and upon conviction thereof shall be punished by confinement in the penitentiary for not less than one year nor more than five years in the discretion of the court or jury trying the case.

"Sec. 2. The Circuit Court of this Commonwealth shall be and they are hereby authorized and given power to postpone at the request of the defendant any trial under any indictment returned under this act during the good behavior of said parent or parents, and are fully authorized and empowered to suspend judgment upon any verdict of conviction during the good behavior of any such parent so offending and so convicted and shall have power over said verdict or said indictment for a period of five years from and after the return of any such indictment or the rendition of any such verdict and shall have power and authority to dismiss any such indictment or set aside any such verdict when in the exercise of a sound judicial discretion they may deem the conduct of the parent will warrant such action." Acts 1916, c. 6, secs. 1, 2.

On October 26, 1922, the following order was entered in the case:

"This prosecution was called for trial and the defendant, in person and by attorney came into court and tendered in open court a bond that he would pay $15.00 per month for the support of his infant children, Archibald Andrew, Albert Wentworth, Emma Josephine and Alfrèd Holt Helm, so long as he did not live with his wife and maintain her and the infant children, above named, and Allen Aaron being trustee for said children.

"The court continues the care during good behavior of the defendant, and so long as he pays said amount of money to the trustee hereafter mentioned and thereupon came said Helm with Allen Aaron and Charlie Coffey, into open court and executed and acknowledged said bond which was examined and approved by the court and so endorsed and ordered to be spread upon the records of said court, which said bond is in words and figures as follows: 'and the deft, remained on his bond to answer at the next term of this court to show his good behavior.'

598

"Bond

"Lena Helm, Plaintiff v. Reuben Helm,

Defendant.

"We undertake that the defendant, Reuben Helm, shall pay to Allen Aaron as trustee for the infant children of Reuben Helm and Lena Helm, the sum of $15.00 per month for the support and maintenance of said infant children, beginning Nov., 1922, to-wit:—Archibald Andrew, Albert Wentworth, Emma Josephine and Albert Holt Helm, provided, however, that the defendant, Reuben Helm may take his wife, Lena Helm and his children, above named, and live with them and in which event he shall not be required to pay the above named sum of money so long as he shall continue to live with and support them, and that we will pay the trustee above named any such sums of money which may result from the defendant's failure to comply with the conditions herein set out in this bond and agreement."

"Reuben Helm, Allen Aaron,
"C. S. Coffey.

"Examined and approved:

"J. C. Carter, Judge."

On September 23, 1929, the four infant children, the oldest being about fourteen years of age, brought this action, by their mother as next friend, on the bond praying judgment upon it for $1,003 with interest, being the alleged balance due on the bond. Reuben Helm was a nonresident and not served with process. The sureties in the bond demurred to the petition, and, their demurrer being overruled, filed answer. The plaintiffs demurred to the first, second, fourth, fifth, and sixth paragraphs of the answer. The court sustained the demurrer to the first, second, fourth, and sixth paragraphs of the answer, but overruled it as to the fifth paragraph, and, the action being heard, entered judgment in favor of the plaintiff. The defendants appeal, and the plaintiffs have taken a cross-appeal.

1. *As to the Demurrer to the Petition.* It is earnestly insisted for the appellant that the thing punished by the statute was not a crime at common law, but was

created by the statute above quoted, which prescribed the penalty for its violation, and that the court was without authority to take the bond from the defendant; that the crime is a felony, and the taking of the bond was in substance, a compounding of a felony. In Cotton's Adm'r v. Wolf, 14 Bush (77 Ky.) 238, the order appointing a guardian was void but the sureties on the guardian's bond were held liable thereon. The court thus stated the rule:

"The general rule is that a bond, whether required by statute or not, is good at common law, if entered into voluntarily and for a valid consideration and if not repugnant to the letter or policy of the law."

If the first section of the statute stood alone, and the second section of the statute had not been added, there would be more force in the argument for the appellant. But by the second section of the statute the court is expressly given "power to postpone at the request of the defendant any trial under an indictment returned under this act during the good behavior of said parent or parents." The circuit court, having a discretion as to postponing the trial at the request of the defendant, may properly exercise that discretion on such terms as he sees fit, and, when the defendant accepts the terms offered by the court and executes the bond, he cannot, after receiving the consideration of the bond, maintain that the bond was not binding under the rule above quoted. The bond was voluntarily given and upon a good consideration, and the defendant enjoyed the benefit of it.

2. *As to the Demurrer to the Answer.* The first and second paragraphs of the answer presented the same question as the general demurrer to the petition, and the demurrer, for the reasons above stated, was properly sustained thereto.

The fourth paragraph of the answer, in substance, alleged that, after the bond was given, Reuben Helm endeavored to and offered to live with his wife and children, but his wife refused to allow him to do so, and she, having the custody of the children, refused to allow them to live with him, but secured a judgment of the court divorcing her from the bonds of matrimony with him, and thereafter he could not live with her or care for the children under the terms of the alleged bond, and

600

was discharged from all liability thereon. It was the duty of the father to take care of the children. This duty did not end when the wife obtained a divorce from him. By the terms of the bond he undertook to provide for the children, and no condition is expressed in the bond. It was an absolute undertaking. The bond was for the benefit of the infant children. The fact that he and his wife did not agree and that she obtained a divorce from him did not affect the rights of the infant children. The court therefore properly sustained the plaintiff's demurrer to this paragraph of the answer. The terms of the bond control the rights of the parties.

By the fifth paragraph, the defendants pleaded that the court had jurisdiction to control the prosecution of Reuben Helm for only five years, and that the bond was in any event, only binding upon them for five years from the date of the indictment. While the court had power under the statute "for a period of five years from and after the return of any such indictment," the limitation of five years is only upon the power of the court after five years. It is a limitation upon the power of the court, which must act in five years, but it is not a limitation upon the terms on which it may suspend the prosecution. Here the court acted within five years and took the bond. The purpose of the provision was to give the court power to protect the children if he could do so rather than send the father to the penitentiary. The demurrer to this paragraph should have been sustained.

The sixth paragraph of the answer is in these words.:

"The defendants say that from November 1922, to the termination of five years, from the said date that the said Reuben Helm, paid to said trustee and said trustee paid for the support and maintenance of said children of himself and Lena Helm, plaintiff, the sum of fifteen dollars per month, and after said time instead of paying the sum to the defendant Allen Aaron as trustee aforesaid, the said Reuben Helm paid to Lena Helm for the maintenance and support of said children various sums of money, the exact amounts and dates of payments the defendants do not know, but which they aver has been in all equal to $15.00 per month, and defendants now call upon the plaintiff to furnish and file herein upon her oath, an itemized statement of the amounts and

dates so furnished to her for the support and maintenance of said children. The defendants join the plaintiff in her prayer to transfer this cause to the equity side of the docket."

The allegation that Reuben Helm had paid to the trustee and the trustee had paid to Lena Helm the full amount due, $15 a month for the first five years, was a sufficient allegation of payment for this time. The allegation that after this Rueben Helm had paid to Lena Helm, for the maintenance and support of the children, sums in all equal to $15 a month was also sufficient, for the reason that this is a suit against the sureties, and they would not know the date and amount of different payments. Although the plaintiff averred in her petition that the sums she admitted was all that had been paid, and this was denied by the answer; the burden was upon the defendants to aver payment if they wished to rely upon it. They could not introduce proof of payment without pleading it. When the court sustained the demurrer to this paragraph of the answer, it deprived the defendants of the right to show that other sums had been paid. This they had a right to do under the pleading. The court therefore erred in sustaining the demurrer to this paragraph of the answer.

3. *As to the Judgment.* By the judgment of the court the plaintiffs recovered judgment requiring defendants to pay to the guardian of the infants the sum of $15 a month for a period of five years, beginning with and including November, 1922, the time to be computed from the date of the bond, with interest on each monthly payment from the first day of each month, subject to the admitted credits. Appellants complain of this judgment because it gave interest from the first day of each month. In Hume v. Ben, 1 Bibb 402, the rule is thus stated:

"A debt payable in a given month, and not upon any precise day thereof, would be demandable not until the last day; and by a parity of reason in the present case, interest would be calculated from the last day of the month in which it was to commence."

Under this rule, interest should be counted from the last day of the month and not from the first. The parties evidently so understood the judgment, for the payments

made were made at different dates, and there was no complaint until the payments ceased. The bond does not fix any date of payment, and the sureties are not bound beyond the terms of the bond.

Appellees complain of the judgment by cross-appeal, because it limited their rights to five years. As we have shown above, this complaint is well founded. The court should have overruled the demurrer to the fifth paragraph of the answer, as above stated, and judgment should have been entered for the whole time sued for.

Reuben Helm was a soldier in the United States Army and a pension was allowed him of $6 a month, payable one-half to him and one-half to his wife. After the wife got a divorce, $3 was paid to the guardian each month for the children, and appellants insist that they should have credit for this $3 a month; but this money was not paid by Reuben Helm. It was paid by the United States government. Under the act of Congress the pension, in the discretion of the Pension Department, may be paid to the soldier or to his dependents (38 USCA, sec. 471). When the $3 a month was paid to his wife, under the order of the department, the wife got the money from the United States government; or when the children got the money after her divorce they received this from the United States, and Reuben Helm is not entitled to any credit for this money on the bond.

The judgment is reversed and cause is remanded to the circuit court, with directions to sustain the demurrer to the fifth paragraph of the answer and overrule it as to the sixth paragraph, and for further proceedings consistent herewith.